# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| STATE OF UTAH, by and through<br>its Governor, SPENCER J. COX,<br>and its Attorney General,<br>SEAN D. REYES, | ) ) ) ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 23-1157 |
| | ) | |
| U.S. ENVIRONMENTAL PROTECTION<br>AGENCY and MICHAEL S. REGAN,<br>Administrator, U.S. EPA, | ) ) ) | |
| | ) | |
| Respondents. | ) | |

---

## STATE OF UTAH'S RESPONSE IN
## OPPOSITION TO THE MOTION TO INTERVENE BY
## ENVIRONMENTAL AND PUBLIC HEALTH ORGANIZATIONS

---

Emily C. Schilling
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
Ph. 801-799-5753
ecschilling@hollandhart.com

Kristina (Tina) R. Van Bockern
Aaron B. Tucker
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Ph. 303-295-8107
trvanbockern@hollandhart.com
abtucker@hollandhart.com

Sean D. Reyes
ATTORNEY GENERAL OF UTAH
Melissa A. Holyoak
SOLICITOR GENERAL
*Counsel of Record*
Office of the Attorney General
Utah State Capitol Complex
350 North State Street Suite 230
Salt Lake City, UT 84114-2320
Ph. 801-538-9600
melissaholyoak@agutah.gov

William L. Wehrum
WEHRUM ENVIRONMENTAL LAW LLC
1629 K Street, NW, Suite 300
Washington, D.C. 20006
Ph. 302-300-0388
William_Wehrum@comcast.net
*Attorneys for Petitioner State of Utah*

# TABLE OF CONTENTS

BACKGROUND ............................................................................... 3

   I.    Statutory Framework ....................................................... 3

        A.   Cooperative Federalism ........................................... 3

        B.   Interstate Transport Provision and the Ozone
            NAAQS ..................................................................... 4

   II.   Procedural Background .................................................... 5

        A.   Utah's Interstate Transport SIP Submissions ................... 5

        B.   EPA's Proposed FIP and Disapproval of Utah's SIP .......... 6

        C.   EPA's Final Transport FIP ..................................... 7

STANDARD OF REVIEW ........................................................... 7

ARGUMENT ................................................................................. 8

   I.    Applicants are Not Entitled to Intervene Because Their
       Interests are Adequately Represented. ......................... 8

        A.   EPA Adequately Represents Applicants' Interests
            Because EPA and Applicants Seek the Same
            Outcome. ............................................................... 11

        B.   EPA Adequately Represents Applicants' Interests
            Because Applicants Cannot, In Any Event, Raise
            "Different Arguments." ......................................... 17

        C.   EPA Adequately Represents Applicants' Interests
            Because Applicants Will Not Serve as a Helpful
            Supplement to EPA's Defense. .............................. 19

CONCLUSION ........................................................................... 21

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Auto. Workers v. Scofield,*
   382 U.S. 205 (1965) ............................................................... 8

*Building & Constr. Trades Dep't v. Reich,*
   40 F.3d 1275 (D.C. Cir. 1994) ................................... 8, 13, 19

*Cobell v. Jewell,*
   No. 96-01285, 2016 U.S. Dist. LEXIS 199138 (D.D.C. Mar. 30,
   2016) ........................................................................................ 9

*Daggett v. Comm'n on Gov't Ethics & Election Practices,*
   172 F.3d 104 (1st Cir. 1999) ............................................... 12

*Dimond v. District of Columbia,*
   792 F.2d 179 (D.C. Cir. 1986) ........................... 12, 14, 15, 16

*Dominion Transmission, Inc. v. Summers,*
   723 F.3d 238 (D.C. Cir. 2013) ............................................... 3

*Envtl. Def. Fund, Inc. v. Higginson,*
   631 F.2d 738 (D.C. Cir. 1979) ............................. 9, 10, 11, 13

*Humane Soc'y of United States v. United States Dep't of Agric.,* 54
   F.4th 733 (D.C. Cir. 2022) ................................................... 7

*Maine v. Dir., U.S. Fish & Wildlife Serv.,*
   262 F.3d 13 (1st Cir. 2001) ................................................. 10

*Nat. Res. Def. Council v. Costle,*
   561 F.2d 904 (D.C. Cir. 1977) ........................... 11, 14, 20, 21

*Nat'l R.R. Passenger Corp. v. Bos. & Me. Corp.,*
   503 U.S. 407 (1992) ............................................................. 18

*Nuesse v. Camp,*
   385 F.2d 694 (D.C. Cir. 1967) ............................................. 10

*San Juan Cty. v. United States*,
　　503 F.3d 1163 (10th Cir. 2007).....................................................10, 11

*SEC v. Chenery Corp.*,
　　318 U.S. 80 (1943).............................................................................18

*Solid Waste Agency v. United States Army Corps of Eng'rs*,
　　101 F.3d 503 (7th Cir. 1996).............................................................10

*State of Texas v. EPA*,
　　No. 23-60069, Doc. 235-2 (5th Cir. Apr. 19, 2023)..............................2

*State of Utah v. EPA*,
　　No. 23-1102, Doc. 2005201, Order (D.C. Cir. June 27, 2023) .............6

*State of Utah v. EPA*,
　　No. 23-9509, Doc. 010110861775 (10th Cir. May 18, 2023)............2, 6

*Sweet Home Chapter of Cmtys. for Great Or. v. Lujan*,
　　No. 91-1468, 1991 U.S. Dist. LEXIS 17449 (D.D.C. Dec. 10,
　　1991) .....................................................................................10, 19, 21

*Texas v. EPA*,
　　Case No. 23-60300, Doc. 65-1 (5th Cir. July 6, 2023)...........................2

*Trbovich v. UMW*,
　　404 U.S. 528 (1972) ....................................................................14, 16

*Tri-State Generation & Transmission Ass'n, Inc. v. N.M. PRC*,
　　787 F.3d 1068 (10th Cir. 2015).....................................................12, 13

*United States v. All Assets Held at Credit Suisse (Guernsey) Ltd.*,
　　45 F.4th 426 (D.C. Cir. 2022) ......................................................13, 19

*Wisconsin v. EPA*,
　　938 F.3d 303 (D.C. Cir. 2019) ............................................................16

### STATUTES

42 U.S.C. §§ 7408–7409............................................................................3

iii

42 U.S.C. § 7410(a)(1)..................................................................3

42 U.S.C. § 7410(a)(2)(D)(i) .......................................................4

42 U.S.C. § 7410(c)(1) ................................................................4

42 U.S.C. § 7607(d)(9) ..............................................................13

## FEDERAL REGISTER

63 Fed. Reg. 57,356 (Oct. 27, 1998) ..........................................4

70 Fed. Reg. 25,162 (May 12, 2005) ..........................................4

76 Fed. Reg. 48,208 (Aug. 8, 2011) ...........................................4

80 Fed. Reg. 65,292 (Oct. 26, 2015) ...........................................5

87 Fed. Reg. 20,036 (April 6, 2022) ............................................6

88 Fed. Reg. 9,336 (Feb. 13, 2023) ............................................6

88 Fed. Reg. 36,654 (June 5, 2023) ...........................................7

## COURT RULES

Fed. R. App. P. 15(d).................................................................7

Fed. R. App. P. 27(d)(1)-(2).....................................................23

Fed. R. App. P. 27(d)(1)(E) .....................................................23

Fed. R. App. P. 32(f)................................................................23

Fed. R. Civ. P. 24 .....................................................................7

Fed. R. Civ. P. 24(a)(2) .............................................................8

Fed. R. Civ. P. 24(b)..................................................................8

## OTHER AUTHORITIES

Utah Proposed SIP (Jan. 24, 2020), available at
  https://www.regulations.gov/document/EPA-R08-OAR-2022-
  0315-0007 ........................................................................... 5, 6


EPA Air Quality Modeling Final Rule Technical
  Support Document 2015 Ozone NAAQS Good Neighbor Plan,
  available at https://www.epa.gov/system/files/documents/2023-
  03/AQ%20Modeling%20Final%20Rule%20TSD.pdf............................7

# ATTACHMENTS

| No. | Description |
| --- | --- |
| 1 | *State of Texas v. EPA*, No. 23-60069, Doc. 235-2 (5th Cir. Apr. 19, 2023) |
| 2 | *State of Utah v. EPA*, No. 23-9509, Doc. 010110861775 (10th Cir. May 18, 2023) |

Air Alliance Houston, Appalachian Mountain Club, Center for Biological Diversity, Chesapeake Bay Foundation, Citizens for Pennsylvania's Future, Clean Air Council, Clean Wisconsin, Downwinders at Risk, Environmental Defense Fund, Louisiana Environmental Action Network, Sierra Club, Southern Utah Wilderness Alliance, and Utah Physicians for a Healthy Environment (collectively, the "Applicants") fail to meet their burden of establishing that Respondent U.S. Environmental Protection Agency ("EPA") will not adequately protect their asserted interests in this challenge to EPA's issuance of an ozone transport Federal Implementation Plan ("FIP") for Utah, such that they should be granted intervention.

Where, as here, the prospective intervenor and the agency are directly aligned and each share the same interest in preserving the entirety of the agency's action, this Court presumes that representation is adequate. Applicants' abstract claims to the contrary are unconvincing. Because Applicants advance no arguments that would support an outcome different from the one EPA seeks, intervention is inappropriate. This Court therefore should deny Applicants' Motion to Intervene.

Indeed, in the face of nearly identical arguments in related suits, the Fifth Circuit denied Sierra Club leave to intervene in the judicial review actions filed by Texas, Mississippi, and Louisiana challenging EPA's denial of their ozone transport state implementation plans ("SIP") on the grounds that Sierra Club did not demonstrate inadequate representation. Att. 1, *State of Texas v. EPA*, No. 23-60069, Doc. 235-2 (5th Cir. Apr. 19, 2023). Additionally, the Tenth Circuit denied Sierra Club and the Center for Biological Diversity's Motion for Leave to Intervene in the judicial review action filed by Utah challenging EPA's denial of its ozone transport SIP, noting that the movants could pursue amicus briefing in accordance with the Federal Rules of Appellate Procedure. Att. 2, *State of Utah v. EPA*, No. 23-9509, Doc. 010110861775 (10th Cir. May 18, 2023).[1]

Though this matter challenges EPA's imposition of the FIP on Utah, rather than disapproval of a SIP, the same reasoning applies. EPA,

---

[1] The Fifth Circuit Court of Appeals recently granted Air Alliance Houston, Clean Wisconsin, Downwinders at Risk, Louisiana Environmental Action Network, and Sierra Club's Motion for Leave to Intervene in a FIP challenge. However, Petitioners in that case did not file an opposition to the Motion for Leave to Intervene before the Court granted it. *See Texas v. EPA*, Case No. 23-60300, Doc. 65-1 (July 6, 2023).

in the SIP challenges, as well as in this FIP challenge, will defend its final actions—adequately representing Applicants' interests. Thus, this Court should join its sister courts in denying intervention.

## BACKGROUND[2]

### I.    Statutory Framework

#### A.    Cooperative Federalism

"Air quality regulation under the CAA is an exercise in cooperative federalism." *Dominion Transmission, Inc. v. Summers*, 723 F.3d 238, 240 (D.C. Cir. 2013). Congress directs EPA to establish nationally-applicable ambient air quality standards ("NAAQS") for pollutants such as ozone, *see* 42 U.S.C. §§ 7408–7409, but then shifts responsibility to the states to develop programs to regulate air quality to meet the NAAQS. 42 U.S.C. § 7410(a)(1). After EPA issues new or revised NAAQS, each state must submit to EPA a SIP that sets out programs and emission limitations adequate to demonstrate compliance with the NAAQS. *Id.*

If EPA determines that a state failed to submit an adequate SIP, EPA must promulgate a "FIP" within two years of EPA's determination,

---

[2] For a detailed recitation of the statutory framework and procedural history, please see Utah's Motion to Stay the Final Rule of the U.S. Environmental Protection Agency, Doc. 2006816.

"unless the State corrects the deficiency" before a FIP is issued. 42 U.S.C. § 7410(c)(1).

### B. Interstate Transport Provision and the Ozone NAAQS

CAA Section 110 directs states to include provisions in SIPs to mitigate in-state emissions that contribute significantly to air quality problems in downwind states. Section 110(a)(2)(D)(i) requires "adequate provisions" prohibiting "any source or other type of emissions activity within the State from emitting any air pollutant in amounts which will … contribute significantly to nonattainment in, or interfere with maintenance by, any other State with respect to any" NAAQS. 42 U.S.C. § 7410(a)(2)(D)(i).

Because neither the CAA nor EPA's regulations define when upwind states "contribute significantly" to downwind nonattainment or "interfere with maintenance," EPA has developed a policy-based four-step analytical approach, or "framework," that it has applied in making its own significant contribution determinations in previous interstate transport rulemakings.[3]

---

[3] *See* 63 Fed. Reg. 57,356 (Oct. 27, 1998); 70 Fed. Reg. 25,162 (May 12, 2005); 76 Fed. Reg. 48,208 (Aug. 8, 2011).

In 2015, EPA lowered the ozone NAAQS to 70 parts per billion. 80 Fed. Reg. 65,292 (Oct. 26, 2015). States were then required to submit SIPs addressing compliance with the ozone NAAQS.

## II.    Procedural Background

### A.    Utah's Interstate Transport SIP Submissions

After publication of the 2015 ozone NAAQS, the Utah Division of Air Quality ("UDAQ") collaborated with EPA to develop Utah's Interstate Transport SIP. Utah's SIP relied on an analytical approach set forth in EPA's guidance memoranda, as well as methods previously approved by EPA in other SIPs.[4]

In the SIP submitted to EPA, Utah concluded that contributions to downwind air quality were not significant when considering all relevant data, including the total emission contributions from all upwind states, the significant contributions from within the state of Colorado, and regionally specific ozone issues in the western United States (such as elevated natural background ozone levels, increased instances of wildfire,

---

[4] *See* Utah Proposed SIP, at 15 & n.6 (Jan. 24, 2020), available at https://www.regulations.gov/document/EPA-R08-OAR-2022-0315-0007.

significant biogenic contributions, and the influence of internationally transported pollutants).[5]

## B.    EPA's Proposed FIP and Disapproval of Utah's SIP

Before acting on Utah's proposed SIP, EPA issued a proposed FIP on April 6, 2022. 87 Fed. Reg. 20,036 (April 6, 2022). For the first time, EPA proposed that Utah and other Western states significantly contribute to downwind nonattainment or interfere with maintenance and should therefore be subject to a federal emissions control program. *Id.* at 20,038.

EPA subsequently proposed to disapprove Utah's SIP on May 24, 2022 and finalized the disapproval on February 13, 2023. 88 Fed. Reg. 9,336 (Feb. 13, 2023). EPA's disapproval of Utah's SIP is the subject of pending litigation in the Tenth Circuit and D.C. Circuit.[6] *Utah v. EPA*, No. 23-9509 (10th Cir.); *Utah v. EPA*, No. 23-1102 (D.C. Cir.).

---

[5] *Id.* at 22.

[6] Utah filed a Protective Petition in the D.C. Circuit solely to preserve its ability to challenge the agency action in the event venue is improper in the Tenth Circuit. This Court issued an order holding the D.C. Circuit action in abeyance pending resolution in the Tenth Circuit. *State of Utah v. EPA*, No. 23-1102, Doc. 2005201, Order (D.C. Cir. June 27, 2023).

## C.     EPA's Final Transport FIP

On June 5, 2023, EPA finalized the FIP for 23 states, including Utah. 88 Fed. Reg. 36,654 (June 5, 2023). EPA determined that emissions from Utah significantly contribute to nonattainment or interfere with maintenance of the NAAQS in the Denver Area. *Id.* at 36,667, 36,717–18; Technical Support Document, at C-3, C-7.[7]

On June 20, 2023, Utah petitioned this Court for review of the FIP. Petition for Review, Doc. 2004277. On July 7, 2023, Utah moved to stay the FIP. Motion to Stay, Doc. 2006816. Applicants moved to intervene on July 10, 2023. Motion to Intervene, Doc. 2007135.

## STANDARD OF REVIEW

Federal Rule of Appellate Procedure 15(d) governs motions to intervene in proceedings to review agency action but does not expressly provide what constitutes appropriate grounds for intervention. Thus, this Circuit typically considers "the policies underlying intervention" in the district courts as outlined in Federal Rule of Civil Procedure 24. *See*

---

[7] EPA Air Quality Modeling Final Rule Technical Support Document 2015 Ozone NAAQS Good Neighbor Plan, Appendix C, available at https://www.epa.gov/system/files/documents/2023-03/AQ%20Modeling%20Final%20Rule%20TSD.pdf.

7

*Building & Constr. Trades Dep't v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir. 1994); *Humane Soc'y of United States v. United States Dep't of Agric.*, 54 F.4th 733, 734–35 (D.C. Cir. 2022) (Tatel, J., concurring) ("Because no rule governs appellate intervention, we consider the 'policies underlying intervention' in the district courts when evaluating a motion to intervene." (citing *Auto. Workers v. Scofield*, 382 U.S. 205, 216 n.10 (1965)). Under this standard, Applicants must show, among other things, that absent intervention, existing parties do not adequately represent their interests. *See* Fed. R. Civ. P. 24(a)(2); *see also* Mot. at 13 (citing requirements for intervention as of right).[8]

## ARGUMENT

### I. Applicants are Not Entitled to Intervene Because Their Interests are Adequately Represented.

Applicants do not meet their burden to establish inadequate representation. Their objectives, interests, and desired outcome—i.e., that EPA's FIP be upheld—are directly aligned with EPA. *See, e.g.,* Mot.

---

[8] Applicants' Motion includes a footnote arguing that they would "easily meet" the requirements for permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure. Mot. at 13–14, n. 18. However, Applicants have not provided any authority demonstrating that permissive intervention is available in appeals from agency action.

at 3 (describing Applicants' "interests in upholding the Rule"); *see also id.* at 1–2 (disclaiming any interest in "challenging the Rule as insufficiently stringent"); *id.* at 22 (same). And Applicants do not claim that EPA will not forcefully defend its decision to issue a FIP. *See id*. at 18–20 (arguing inadequate representation but not once asserting EPA will not defend the FIP). Applicants, therefore, fail to show that they have a right to intervene.

Generally, courts apply "a presumption of adequate representation" when "both the intervenor and the existing party have the same ultimate objective." *Cobell v. Jewell*, No. 96-01285, 2016 U.S. Dist. LEXIS 199138, at *10 (D.D.C. Mar. 30, 2016) (collecting cases from the First, Fourth, Fifth, Seventh, Ninth, and Tenth Circuits applying the presumption); *see also Envtl. Def. Fund, Inc. v. Higginson*, 631 F.2d 738, 740 (D.C. Cir. 1979) (applying a "*parens patriae*" presumption and denying intervention because the applicant sought the same outcome as the existing party). To rebut this presumption, Applicants must demonstrate "special circumstances" such as "adversity of interest" or an intent to raise different claims. *Cobell*, at *9–10. This Court has held that "the mere fact that there is a slight difference in interests between the applicant and

9

the supposed representative does not necessarily show inadequacy, if they both seek the same outcome." *Nuesse v. Camp*, 385 F.2d 694, 703 (D.C. Cir. 1967).

Indeed, Circuit Courts deny intervention in circumstances when the government is a party pursuing a single litigation objective and the interests of the Applicants do not diverge from that objective. *See Higginson*, 631 F.2d at 740 (affirming denial of intervention because "there appears to be no possible divergence between [the movants'] position and the state's position on the primary issue" despite the claim that applicants had "a more direct economic interest" in the dispute); *Maine v. Dir., U.S. Fish & Wildlife Serv.,* 262 F.3d 13, 14–21 (1st Cir. 2001) (same); *Solid Waste Agency v. United States Army Corps of Eng'rs*, 101 F.3d 503, 508 (7th Cir. 1996) (same); *San Juan Cty. v. United States*, 503 F.3d 1163, 1204-07 (10th Cir. 2007) (denying intervention because the applicant's interests in a road flowed from the Bureau of Land Management's single objective to defend exclusive title to the road); *see also Sweet Home Chapter of Cmtys. for Great Or. v. Lujan*, No. 91-1468, 1991 U.S. Dist. LEXIS 17449, at *9 (D.D.C. Dec. 10, 1991) (denying intervention to nonprofit organizations that "failed to demonstrate that

10

their interests are sufficiently different from the government's interest" in upholding a regulation issued by federal agencies).

Here, EPA and Applicants both seek the "same outcome"—defeating Utah's challenge to EPA's FIP. *See, e.g.,* Mot. at 2–3 (Applicants oppose "[a]ny court order setting aside or delaying the implementation of the Rule"); *id.* at 3 (Applicants have "interests in upholding the Rule"). Nonetheless, Applicants advance three arguments to rebut the presumption of adequate representation. None is persuasive.

## A.  EPA Adequately Represents Applicants' Interests Because EPA and Applicants Seek the Same Outcome.

Applicants suggest that EPA's representation might be inadequate because Applicants' "have had longstanding disagreements with EPA about the Good Neighbor Provision." Mot. at 19. At the same time, Applicants identify no potential "divergence" from EPA on the current and actual "legal and factual matters" before the Court. *See Envtl. Def. Fund, Inc.* 631 F.2d at 740; *Nat. Res. Def. Council v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977). They seek the same outcome as EPA, expressly disclaiming any potential divergent position that EPA's Final Rule is "insufficiently stringent," Mot. at 2, 22, demonstrating that any

11

hypothetical "conflict" or "disagreements" with EPA in the past no longer exists with this Final Rule, *see id.* at 18–20.

Further, reliance on the mere fact that current Respondents are government entities, *see id.* at 19, is insufficient on its own without an explanation of how Applicants could seek a disparate outcome based on their private interests. *See Tri-State Generation & Transmission Ass'n, Inc. v. N.M. PRC*, 787 F.3d 1068, 1072–73 (10th Cir. 2015); *see also Daggett v. Comm'n on Gov't Ethics & Election Practices*, 172 F.3d 104, 112 (1st Cir. 1999) ("[t]he general notion that the [government] represents 'broader' interests at some abstract level is not enough" for purposes of intervention); *cf. Dimond v. District of Columbia*, 792 F.2d 179, 192–93 (D.C. Cir. 1986) (finding intervention proper when the "more narrow and 'parochial' financial interest" of the applicant could support an argument for outcomes distinct from "those that the [government party] would advance as in the 'public interest'").

EPA is conducting no balancing of public versus private interests here. In fact, as Applicants point out, EPA issued its Final Rule ostensibly to protect public health—the same so-called private interest Applicants seek to advance through intervention. *See* Mot. at 14–16.

Under the CAA's judicial review standard, this Court may either uphold the FIP or reverse it. *See* 42 U.S.C. § 7607(d)(9). Applicants cannot somehow strengthen or increase public health protections through intervention. Thus, this suit presents a binary issue of whether EPA's issuance of a FIP was justified. *See Higginson*, 631 F.2d at 740 (affirming denial of intervention because the suit only concerned the binary question of whether "a comprehensive environmental impact statement is required by law"); *Tri-State Generation*, 787 F.3d at 1073 (denying intervention where the issue presented was "binary" and did not require a government agency to "strike some balance between the interest of electricity wholesalers, retailers, and the general public").

Applicants have no arguments to advance that would produce any outcome other than the one EPA seeks. *See United States v. All Assets Held at Credit Suisse (Guernsey) Ltd.*, 45 F.4th 426, 432 (D.C. Cir. 2022) (denying intervention because the Applicants "'offer[ed] no argument not also pressed by' an existing party" (quoting *Building & Constr. Trades*, 40 F.3d at 1282)). Thus, Applicants' participation as a party to the litigation is not needed to achieve any purpose that would not already be achieved by EPA's vigorous defense of its FIP.

13

Applicants claim that "the 'possibility of disparate interests' or a 'potential' conflict'" is sufficient to establish inadequate representation. Mot. at 18. Yet, the cases that Applicants cite support this claim only to the extent that such possibly disparate interests could manifest in an actual disagreement over the legal and factual matters before the court. *See Trbovich v. UMW*, 404 U.S. 528, 538-39 (1972); *Costle*, 561 F.2d at 912; *Dimond v. District of Columbia*, 792 F.2d 179, 192–93 (D.C. Cir. 1986).

In *Trbovich*, a member of a union sought intervention into a lawsuit by the Secretary of Labor against the union claiming improper administration of a union election. 404 U.S. at 529–30. In finding the Secretary's representation inadequate, the Court explained that the Secretary's obligation to protect the public interest in assuring democratic union elections could conflict with the interests of the individual union member in a way "that may not always dictate precisely the same approach to the conduct of the litigation." *Id.* at 529.

*Costle* concerned a settlement agreement that obligated EPA to issue standards for toxic discharges from industry sources into surface water. 561 F.2d at 904. Industrial sources sought to intervene in the

14

judicial oversight of the agreement. *Id.* This Court held that intervention was proper because the industrial sources could have had "honest disagreements with EPA on legal and factual matters" that were before the Court. *Id.* at 912. The Court explained that such disparate interests could lead the industrial sources to seek outcomes distinct from those sought by EPA—specifically, a different timetable for the promulgation of the regulations. *Id.*

Finally, in *Dimond*, an insurance company sought to intervene as a defendant in a lawsuit by a car accident victim claiming that the District of Columbia's no-fault insurance act was unconstitutional. 792 F.2d at 181. The Court found that intervention was warranted because "the results [the insurance company] urges are not necessarily those that the District would advance as in the 'public interest.'" *Id.* at 193. The Court explained that the insurance company's "narrow and parochial financial interest" as well as its interest in the severability of the relevant section from the act "cannot be subsumed within" the public interest that the District of Columbia represented. *Id.* The Court also noted that "this is not a case where. . . the District's representation of the general public

interest would nonetheless lead the District to make the same legal arguments that [the insurance company] would make." *Id.*

Unlike these cases, Applicants fail to explain how their supposed "disparate interests" could implicate any disagreement with EPA on the "legal and factual matters" before the Court. Unlike *Dimond*, this is a case in which, despite the purported disparate interests, EPA's representation of its interests would lead the EPA to make the same legal arguments that Applicants would make to defend the FIP. Accordingly, the Applicants' interest in this Court upholding the FIP is "subsumed within" EPA's defense of the FIP. *See Dimond*, 792 F.2d at 193. Indeed, Applicants' interest would "dictate precisely the same approach to the conduct of the litigation" as EPA will undoubtably take. *See Trbovich*, 404 U.S. at 529.

Applicants provide no examples of possible legal disagreements with EPA to support their Motion; the only disagreements they point to are their "longstanding disagreements with EPA about the Good Neighbor provision." Mot. at 19. These disagreements include Sierra Club's challenge to EPA's interpretation of the Cross-State Air Pollution Rule Update, *see id.* (citing *Wisconsin v. EPA*, 938 F.3d 303 (D.C. Cir.

16

2019)), and Applicants' comments on the proposed FIP, where they argued that the FIP should be broader, *id.* at 19–20. But Applicants draw no line between those past disagreements and any concrete, legitimate disagreements they have as it pertains to the FIP or EPA's current defense of the FIP. *See id.* And, Applicants appear to have abandoned any concern that the FIP should be broader or more stringent. *See* Mot. at 1–2 (disclaiming any interest in "challenging the Rule as insufficiently stringent"); *id.* at 22 (same). Thus, Applicants' unsupported statements about past disagreements should not impact the sole issue on review.

## B. EPA Adequately Represents Applicants' Interests Because They Cannot, In Any Event, Raise "Different Arguments."

Along those same lines, Applicants claim that "they cannot rely on EPA to protect their interests in this litigation" because Applicants have disagreed with EPA's implementation of the Interstate Transport Provision in the past and believe EPA has not done enough to regulate interstate ozone. Mot. at 20. Without explaining different arguments that they may make here, Applicants recite D.C. Circuit Rule 28(d)(2) to assert that they "will focus on points not made or adequately elaborated upon in the government's brief, although relevant to the issues before

17

this court." Mot. at 20. However, the standard for judicial review of this administrative decision forecloses Applicants from raising different arguments than EPA will present.

It is a well-established axiom of administrative law that "an agency's action may not be upheld on grounds other than those relied on by the agency." *Nat'l R.R. Passenger Corp. v. Bos. & Me. Corp.*, 503 U.S. 407, 419-20 (1992) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 94-95 (1943)). As a result, the defense of EPA's determination must be limited to arguments asserted by the agency on the record. Applicants may desire that EPA had articulated different reasons for imposing a FIP on Utah, but those are irrelevant to EPA's defense of its decision-making.

Intervention is therefore not warranted because "[a] would-be intervenor is adequately represented when she 'offers no argument not also pressed by an existing party.'" *United States v. All Assets Held at Credit Suisse (Guernsey) Ltd.*, 45 F.4th 426, 432 (D.C. Cir. 2022) (quoting *Building. & Constr. Trades Dep't v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir. 1994)). Without any demonstration that EPA will inadequately defend the FIP, Applicants' general reference to its past disagreements with EPA on the implementation of the Interstate Transport Provision fails to

18

support intervention. *See Sweet Home Chapter of Cmtys. for Great Or.*, 1991 U.S. Dist. LEXIS 17449, at *6 (denying intervention and holding that "[t]here has been no demonstration so far in this case that the government is not adequately defending its interests, and this Court will not simply presume that the government will not do so" despite claim by the applicant that "the government has historically failed to follow the directives of the Endangered Species Act").

Applicants thus have nothing to add, and, in fact, are precluded from adding any justification for the FIP that EPA has not already included in the administrative record on which EPA must defend its decision.

### C. EPA Adequately Represents Applicants' Interests Because They Will Not Serve as a Helpful Supplement to EPA's Defense.

Applicants finally claim that intervention is warranted because they "will serve as a vigorous and helpful supplement to EPA's defense" due to their purported "unique and distinct perspective on the issues at stake." Mot. at 20.

Applicants cite *Costle* for this principle. *Id.* Again, *Costle* concerned the intervention of industrial companies into judicial oversight over

19

EPA's development of toxic effluent regulations for industrial sources. 561 F.2d at 904. The Court held that the intervention of industrial companies could "reasonably be expected to contribute to the informed resolutions" that "turn on questions of very technical detail and data" because the industrial companies possessed specific expertise about toxic effluent from their own sources. *Id.* at 912–13.

In contrast, Applicants have claimed no expertise that the current parties do not already possess. *See* Mot. at 14–17, 20. This dispute will turn on whether EPA was statutorily authorized to issue a FIP, whether the FIP complies with the CAA and bedrock administrative law principles, and technical details of ozone transport between states. EPA, state petitioners, and industry petitioners already possess extensive experience and expertise in the development and implementation of SIPs and FIPs, as well as the underlying science and technical data. Accordingly, Applicants cannot "reasonably be expected to contribute" any new expertise that would be a helpful supplement to either EPA's defense or the Court's decision making. *See Costle*, 561 F.2d at 913. Moreover, even if Applicants could help advance EPA's position, "an

argument for intervention as of right based on vigor alone cannot succeed." *Lujan*, 1991 U.S. Dist. LEXIS 17449, at *10.

## CONCLUSION

Utah asks the Court to deny Applicants' Motion to Intervene.

Dated: July 20, 2023

Respectfully submitted,

*/s/ Melissa A. Holyoak*

Sean D. Reyes
    ATTORNEY GENERAL OF UTAH
Melissa A. Holyoak
    SOLICITOR GENERAL
    *Counsel of Record*
Office of the Attorney General
Utah State Capitol Complex
350 North State Street Suite 230
Salt Lake City, UT 84114-2320
Ph. 801-538-9600
melissaholyoak@agutah.gov

William L. Wehrum
WEHRUM ENVIRONMENTAL LAW LLC
1629 K Street, NW, Suite 300
Washington, D.C. 20006
Ph. 302-300-0388
William_Wehrum@comcast.net

Emily C. Schilling
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
Ph. 801-799-5753 / Fax 202-747-6574

21

ecschilling@hollandhart.com

Kristina (Tina) R. Van Bockern
Aaron B. Tucker
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Ph. 303-295-8107 / Fax 720-545-9952
trvanbockern@hollandhart.com
abtucker@hollandhart.com

*Attorneys for Petitioner State of Utah*

22

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the format and word limit of Fed. R. App. P. 27(d)(1)-(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3,883 words. This document also complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font.

Dated: July 20, 2023

*/s/ Melissa A. Holyoak*

## CERTIFICATE OF SERVICE

I hereby certify, pursuant to Fed. R. App. P. 25(c), that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter, who are registered with the Court's CM/ECF system.

Dated: July 20, 2023

*/s/ Melissa A. Holyoak*

30130006

23

# Attachment 1

*State of Texas v. EPA*, No. 23-60069, Doc. 235-2 (5th Cir. Apr. 19, 2023)

# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-60069

_____

STATE OF TEXAS; TEXAS COMMISSION ON ENVIRONMENTAL
QUALITY; LUMINANT GENERATION COMPANY, L.L.C.; COLETO
CREEK POWER, L.L.C.; ENNIS POWER COMPANY, L.L.C.; HAYS
ENERGY, L.L.C.; MIDLOTHIAN ENERGY, L.L.C.; OAK GROVE
MANAGEMENT COMPANY, L.L.C.; WISE COUNTY POWER
COMPANY, L.L.C.; ASSOCIATION OF ELECTRIC COMPANIES OF
TEXAS; BCCA APPEAL GROUP; TEXAS CHEMICAL COUNCIL;
TEXAS OIL & GAS ASSOCIATION; PUBLIC UTILITY COMMISSION
OF TEXAS; RAILROAD COMMISSION OF TEXAS; STATE OF
MISSISSIPPI; MISSISSIPPI DEPARTMENT OF ENVIRONMENTAL
QUALITY; MISSISSIPPI POWER COMPANY; STATE OF
LOUISIANA; LOUISIANA DEPARTMENT OF ENVIRONMENTAL
QUALITY; ENTERGY LOUISIANA, L.L.C.; LOUISIANA CHEMICAL
ASSOCIATION; MID-CONTINENT OIL AND GAS ASSOCIATION;
LOUISIANA ELECTRIC UTILITY ENVIRONMENTAL GROUP,
L.L.C.; TEXAS LEHIGH CEMENT COMPANY, LP,

*Petitioners,*

*versus*

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY;
MICHAEL S. REGAN, *Administrator, United States Environmental
Protection Agency,*

*Respondents.*

---

Petition for Review of a Final Rule
By the Environmental Protection Agency
88 Fed. Reg. 9336–9384

---

ORDER:

IT IS ORDERED that the motion of Sierra Club, Air Alliance Houston, and Downwinders at Risk ("Proposed Intervenors") for leave to intervene in support of Respondents is DENIED.

"Rule 15(d) of the Federal Rules of Appellate Procedure governs interventions in administrative appeals such as this one." *Texas v. DOE*, 754 F.2d 550, 551 (5th Cir. 1985). Although Rule 15(d) articulates no standard for resolving intervention questions, we have applied one "akin to that of a district court's considering a motion under Federal Rule of Civil Procedure 24." *Richardson v. Flores*, 979 F.3d 1102, 1105 (5th Cir. 2020); *see also Texas*, 754 F.2d at 551.

Because Proposed Intervenors share the "same ultimate objective" as Respondents, they "must show adversity of interest, collusion, or nonfeasance on [Respondents'] part" to demonstrate inadequate representation under Federal Rule of Civil Procedure 24(a). *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996) (en banc). They did not. Further, Proposed Intervenors' one-sentence request for permissive intervention, *see* Fed. R. Civ. P. 24(b), is inadequately briefed and thus forfeited. *Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 382 n.6 (5th Cir. 2019) ("Because this issue was inadequately briefed, it is forfeited."). The Proposed Intervenors are of course welcome to file an amicus brief.

No. 23-60069

_____

ANDREW S. OLDHAM
*United States Circuit Judge*

**Attachment 2**

*State of Utah v. EPA*, No. 23-9509, Doc. 010110861775

(10th Cir. May 18, 2023)

FILED
United States Court of Appeals
Tenth Circuit

May 18, 2023

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

STATE OF UTAH, by and through its
Governor, SPENCER J. COX, and its
Attorney General, SEAN D. REYES,

     Petitioner,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,

     Respondents.

_____

No. 23-9509
(EPA Nos. EPA-R08-OAR-2022-315 &
EPA-HQ-2021-0663)
(Environmental Protection Agency)

PACIFICORP, et al.,

     Petitioners,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,

     Respondents.

_____

No. 23-9512
(EPA Nos. EPA-R08-OAR-2022-315 &
EPA-HQ-2021-0663)
(Environmental Protection Agency)

STATE OF OKLAHOMA, by and through
its Attorney General, et al.,

     Petitioners,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,

No. 23-9514
(EPA Nos. EPA-RO6-OAR-2021-0801 &
EPA-HQ-OAR-2021-0663)
(Environmental Protection Agency)

Respondents.

_____

UTAH ASSOCIATED MUNICIPAL
POWER SYSTEMS,

     Petitioner,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,

     Respondents.

_____

No. 23-9520
(EPA Nos. EPA-R08-OAR-2022-315 &
EPA-HQ-2021-0663)
(Environmental Protection Agency)

OKLAHOMA GAS & ELECTRIC
COMPANY,

     Petitioner,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al,

     Respondents.

_____

No. 23-9521
(EPA No. EPA-HQ-OAR-2021-0663)
(Environmental Protection Agency)

TULSA CEMENT LLC, d/b/a Central
Plains Cement Company LLC, et al.,

     Petitioners,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,

     Respondents.

No. 23-9533
(EPA No. EPA-HQ-OAR-2021-0663)
(Environmental Protection Agency)

_____

WESTERN FARMERS ELECTRIC
COOPERATIVE,

     Petitioner,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,

     Respondents.

No. 23-9534
(EPA No. EPA-HQ-OAR-2021-0663)
(Environmental Protection Agency)

_____

**ORDER**
_____

Before **TYMKOVICH** and **BACHARACH**, Circuit Judges.
_____

     These seven petitions for review are before the court on a *Motion for Leave to Intervene* by the Sierra Club and the Center for Biological Diversity ("Movants") in No. 23-9509, and a *Notice* by Movants requesting intervention in the six other matters captioned above. The State of Oklahoma and the State of Utah have filed responses opposing intervention.

     Upon careful consideration of Movants' *Motion* and *Notice*, the responses in opposition, and the standard for intervention, the requests to intervene in these seven

3

matters are denied. As appropriate, Movants may file an amicus brief or motion in

accordance with Federal Rule of Appellate Procedure 29.

Entered for the Court
CHRISTOPHER M. WOLPERT, Clerk

by: Jane K. Castro
    Chief Deputy Clerk

4